**DLD-261**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4685
_____

ROBERT H. WARNER,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA DEPARTMENT OF TRANSPORTATION;
HONORABLE JAMES J. PANCHIK; SCOTT J. ANDREASSI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01383)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2014

Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed June 16, 2014)
_____

OPINION
_____

PER CURIAM

        Robert H. Warner appeals pro se from an order of the United States District Court

for the Western District of Pennsylvania dismissing his complaint.  Because the appeal

presents no substantial question, we will summarily affirm the District Court's order. See

3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In September 2012, Warner filed a complaint in the District Court against the

Commonwealth of Pennsylvania, the Pennsylvania Department of Transportation, the

Honorable Judge James J. Panchik, and prosecutor Scott J. Andreassi.[1] He asserted that,

following a 2009 conviction for driving under the influence ("DUI"), the Pennsylvania

Department of Transportation required him to install an ignition interlock device in his

car, even though the terms of his plea agreement and sentence did not specify that he

would have to use such a device. He argued that the plea agreement should be treated as

a legally binding contract, and he sought the restoration of unrestricted driving privileges

as well as monetary damages for "mental anguish, loss of work and inconvenience."

Three of the four defendants filed motions to dismiss, asserting immunity from

suit, among other affirmative defenses. The District Court determined that all four of the

defendants were immune from suit, and it dismissed Warner's complaint with prejudice.

Warner appeals.[2]

---

[1] Although Warner did not specify that he was filing suit pursuant to 42 U.S.C. § 1983, the District Court construed his complaint as having been brought under that statute, and we do so as well.

[2] While Warner's appeal was filed more than 30 days after the District Court's order, see Fed. R. App. P. 4(a)(1)(A), the District Court failed to comply with Rule 58 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 58; LeBoon v. Lancaster Jewish Cmty Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Warner's appeal is therefore timely. See Fed. R. Civ. P. 58(c).

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Warner's complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We may affirm a judgment of the District Court on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks omitted).

## III.

The District Court dismissed Warner's claims against the Commonwealth of Pennsylvania and the Pennsylvania Department of Transportation on the basis of state sovereign immunity. The Eleventh Amendment provides a state with immunity "from

3

liability for damages in a suit brought in federal court by one of its own citizens."

Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989).  This immunity extends to state

agencies.  See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir.

2001).  While states can waive their Eleventh Amendment immunity, see id.,

Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b).  Moreover, Congress

did not abrogate Pennsylvania's sovereign immunity through the enactment of § 1983.

See Quern v. Jordan, 440 U.S. 332, 345 (1979).  Accordingly, the District Court

properly determined that the Commonwealth of Pennsylvania and the Pennsylvania

Department of Transportation were immune from Warner's suit.

The District Court then relied on the doctrine of absolute judicial immunity to

dismiss Warner's claim against Panchik.  "A judicial officer in the performance of his

duties has absolute immunity from suit and will not be liable for his judicial acts."

Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).  Warner alleged

that Panchik "knowingly accept[ed] a Plea Bargain and impose[d] a Sentence that did

not include all of the penalties that would be imposed by the State of Pennsylvania."

Because this claim stems solely from Panchik's role as the judge who presided over

Warner's DUI prosecution, the District Court correctly determined that Panchik was

entitled to absolute judicial immunity.

Lastly, the District Court dismissed Warner's claim against Andreassi under the

doctrine of prosecutorial immunity.  A prosecutor is immune from damages under

4

§ 1983 for his initiation of a prosecution and presentation of a state's case. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Warner's complaint alleged that Andreassi "knowingly offer[ed] a Plea Bargain that did not include all of the penalties that would be imposed by the State of Pennsylvania." Because this conduct is related solely to Andreassi's initiation and prosecution of the Commonwealth's case against Warner, Andreassi also is entitled to prosecutorial immunity. To the extent that the District Court did not expressly state that it was sua sponte dismissing Warner's claim against Andreassi pursuant to the screening provisions of § 1915(e)(2)(B), we make that clear now.

Thus, for substantially the same reasons set forth by the District Court, we will summarily affirm its order dismissing with prejudice Warner's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.